## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

_____

**NORTH CENTRAL STATES REGIONAL COUNCIL OF
CARPENTERS PENSION FUND
and JERRY SHEA (in his capacity as Trustee),**

                **Plaintiffs,**

    v.                                                                                        **Case No.   20-cv-994**

**DOW ACOUSTICS, INC.,**

                **Defendant.**

## COMPLAINT

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by and as and for a cause of action against the Defendant, allege to the court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Dow Acoustics, Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2.    Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Carpenters' Fund Plaintiff is administered out of Eau Claire, Wisconsin.

**Parties**

3. Plaintiff North Central States Regional Council of Carpenters Pension Fund (hereby the "Pension Fund") is an employee benefit plans within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintain offices at P.O. Box 4002, Eau Claire, WI 54702.

4. Plaintiff Jerry Shea is a trustee and a fiduciary of the North Central States Regional Council of Carpenters' Fringe Benefit Funds, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Shea maintains an office at 2350 Galloway Street, Eau Claire, Wisconsin 54702.

5. Dow Acoustics, Inc. (hereby "Dow Acoustics") is a Minnesota corporation, engaged in business, with principal offices located at 1378 Egret Ave. PO Box 477, Detroit Lakes, MN 56502. Its registered agent for service of process is James R. Wood, 2131 Memory Lane, Detroit Lakes, MN 56501.

**Facts**

6. Dow Acoustics is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, Dow Acoustics was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the North Central States Regional Council of Carpenters ("Union").

8. The Union represents, for purposes of collective bargaining, certain Dow Acoustics employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby Dow Acoustics agreed to make payments to the Plaintiff benefit fund ("Fund") for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, Dow Acoustics adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said Fund, Dow Acoustics has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c.    to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

    d.    to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

    e.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

    f.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

12.    Dow Acoustics has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a.    failing to make continuing and prompt payments to the Fund as required by the Labor Agreements and trust agreements for all Dow Acoustics' covered employees; and

    b.    failing to accurately report employee work status to the Plaintiff.

13.    ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

      (B)    interest on the unpaid contributions,

      (C)    an amount equal to the greater of --

            (i)    interest on the unpaid contributions, or

            (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

      (D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

      (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. Section 515 of ERISA provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Under the collective bargaining agreement between Dow Acoustics and the Union, contributions are due by the end of month in which the work was performed, but no later than the fifteenth (15th) day of the following month, after which time the employer is delinquent and assessed liquidated damages equal to 20% of the unpaid contributions, plus interest equal to 1.5% of the unpaid contributions per month.

16. Between January 1, 2016 through December 31, 2017, Dow Acoustics failed to remit timely contributions to the Plaintiffs pursuant to the terms of the collective bargaining agreement between the Union and Dow Acoustics, resulting in the accrual of interest assessments and liquidated damages.

**Claim One - Against Defendant Dow Acoustics, Inc. for
Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

17. As and for the first claim for relief against Defendant Dow Acoustics, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. Dow Acoustics has breached its collective bargaining agreement with the Union by failing to remit timely contributions to the Plaintiffs for all acknowledged hours that they have worked in during the period January 1, 2016 through December 31, 2017.

19. Because, as the Pension Fund is informed and believe, Dow Acoustics has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Pension Fund is reduced, the Pension Fund's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Pension Fund's employee benefit plans have been violated, and the Pension Fund is entitled to all of the remedies provided by ERISA.

20. Because Dow Acoustics has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

21. As the third-party beneficiaries of the collective bargaining agreement between the Union and Dow Acoustics, Plaintiff Funds are entitled to recover, for the unpaid contributions described in paragraphs 15 and 16 of the Complaint, an amount

equal to the full unpaid contributions, plus interest at 1.5% per month, plus liquidated damages equal to 20% of the full unpaid contributions.

Dated this 30th day of October, 2020.

<u>s/Alex J. Sterling</u>
Alex J. Sterling (SBN: 1107931)
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-223-0417 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com

Attorney for the Plaintiffs